UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

APR 2 2 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Lawrence V. Wilder,           )
                               )
          Plaintiff,         )
                               )
         v.               )      Civil Action No. 19-739 (UNA)
                               )
Jim Bridenstine *et. al.*,      )
                               )
         Defendants.     )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). A complaint "that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard, and so will a complaint that contains an untidy assortment of claims that are neither plainly nor

1

concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). The instant complaint fits the bill.

Plaintiff resides in Wilmington, North Carolina. His prolix pleading is captioned: "Employment Discrimination Civil Complaint, Retaliation Complaint, Motion to Appoint Counsel, Failure to Fulfill Notification Duty Owed to Plaintiff, Failure to Protect Due Process Property Rights, Obstruction of Justice, and Non-Exclusionary Jury Demand." It consists of 25 single-spaced typewritten pages and assorted attachments. The list of defendants is equally perplexing as it includes Supreme Court Justice Clarence Thomas, United States Circuit Judge Douglas Ginsburg, U.S. Education Secretary Betsy DeVos, Labor Secretary Alexander Acosta, Health and Human Services Secretary Alex Azar, and Attorney General William Barr. *See* Compl. Caption.

Plaintiff states in the beginning of the complaint that he is suing "because of discrimination and interstate retaliation by the defendants[.]" Compl. at 2. He further states that "the EEOC and the agency stop[ped] the retaliation in 1998 but it still consists year to date." *Id.* Plaintiff alleges, *inter alia*, that he "was appointed to NASA GSFC by President Ronald Reagan on 9/28/1987 the 100th birthday of the 5th Olympic IOC Chairman Life Member Avery Brundgride birthday," and "this fact has been the basis of multiple violations including by Federal Judge Douglas Ginsburg and others." *Id.* The complaint descends into a largely incoherent narrative of random events spanning decades; it is simply too convoluted to provide

fair notice of a claim. Therefore, this case will be dismissed. A separate order accompanies this

Memorandum Opinion.

Date: April 16, 2019

_____
United States District Judge